# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SIGEAL DWAYNE STOCKTON,

    Petitioner,

v.                                CASE NO. 5:10cv00080/RS-AK

RICK ANGLIN,

    Respondent.

_____/

## **O R D E R**

I.  Background

    Petitioner initiated this *pro se* case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, and paying the filing fee. The petition stems from Petitioner's *nolo contendre* plea to one count of grand theft in the Circuit Court for Bay County, Florida, for which Petitioner was sentenced to one year of community control and four years of probation. Doc. 1, *see State v. Stockton*, case no. 99002759CFMA, dkt. entry 8/8/05 (judgment). Petitioner did not appeal. Petitioner alleges that he did not pursue any postconviction relief in the state court until January 20, 2010, when he filed a habeas corpus petition. Doc. 1 at 2. Petitioner alleges that his state habeas petition was denied, and he was advised to file a postconviction motion pursuant to Fla. R. Crim. P. 3.850. *Id*. Petitioner filed a motion on March 5, 2010; it was denied as untimely. *Id*.

    In the instant Petition, Petitioner contends that he was denied due process in connection with his criminal proceedings because he has an alibi to the grand theft charge and his brother was the actual perpetrator. Petitioner also contends that he was denied his right to the effective

assistance of counsel when counsel advised him to plead to the charge. *Id*.

II. <u>Statute of Limitations</u>

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Only subsection (A) is at issue in this case.

Petitioner's conviction became final thirty days after entry of judgment, when the time for filing a direct appeal elapsed. Thus, Petitioner's conviction became final on or about September 8, 2005. Absent any state court post-conviction proceeding that would have tolled the federal limitations period,[1] Petitioner had until on or about September 8, 2006, to timely file his federal habeas corpus petition, and the instant petition, filed on April 15, 2010, is clearly time-barred.

Petitioner concedes that he did not pursue any state postconviction remedies until January 2010, when he filed a state habeas corpus petition. Doc. 1. At that point, the federal habeas filing period had already elapsed. The state proceedings did not toll the federal habeas filing period because there was nothing left to toll at the time that Petitioner commenced his state postconviction proceedings.

Pursuant to § 2254 Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the

---

[1] 28 U.S.C. § 2244(d)(2).

petition and it is unnecessary to serve the Petition on the Respondent. Accordingly, for the reasons set forth in this Order, the Petition is **DISMISSED as time-barred**.

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84, (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, a certificate of appealability is **DENIED**.

**ORDERED** on April 27, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**